| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | Presentment Date: August 12 2019 |

------------------------------------------------------------------X

| | | |
|---|---|---|
| IN RE: | : | CASE NO.: 16-22312-shl |
| | : | |
| Paul DeEntremont, | : | CHAPTER: 13 |
| | : | |
| Debtor. | : | HON. CHIEF JUDGE.: |
| | : | Sean H. Lane |

------------------------------------------------------------------X

## NOTICE OF SETTLEMENT

**PLEASE TAKE NOTICE,** that the annexed proposed order will be presented for settlement to the Honorable Judge Sean H. Lane at the United States Bankruptcy Court, Southern District of New York, located at 300 Quarropas Street, White Plains NY 10601 on August 12, 2019. Any counter proposal or objection to the Order must be filed with the Court and served upon Friedman Vartolo, LLP, two days prior to the Settlement Date.

Dated:  August 2, 2019
       Garden City, New York

                                        By: /s/ Jonathan Schwalb
                                        Jonathan Schwalb, Esq.
                                        FRIEDMAN VARTOLO LLP
                                        Attorneys for Movant
                                        1325 Franklin Avenue, Suite 230
                                        Garden City, New York 11530
                                        T: (212) 471-5100
                                        F: (212) 471-5150

TO:
Paul DeEntremont
61 Lowland Hill
Stony Point, NY 10980
***Debtor***

Sally DeEntremont
61 Lowland Hill
Stony Point, NY 10980
***Debtor***

Todd S. Cushner
Cushner & Associates, P.C.
399 Knollwood Road
Suite 205
White Plains, NY 10603
***Debtor's Attorney***

Krista M. Preuss
Chapter 13 Standing Trustee
399 Knollwood Road
White Plains, NY 10603
***Trustee***

United States Trustee
Office of the United States Trustee
U.S. Federal Office Building
201 Varick Street, Room 1006
New York, NY 10014
***U.S. Trustee***

Frenkel, Lambert, Weiss, Weisman & Gordon, LLP
53 Gibson Street
Bay Shore, New York 11706

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X
:
   IN RE:                                                 :   CASE NO.: 16-22312-shl
:
:   CHAPTER: 13
Paul DeEntremont and Sally DeEntremont,   :
:   HON. JUDGE.: Sean H. Lane
Debtor.                                                :
:
:
:
:
:
---------------------------------------------------------------------X

**ORDER PURSUANT TO 11 U.S.C. § 362(d)**
**MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a)**

Upon the motion, dated May 14, 2019 (the "Motion"), of BSI Financial Services as servicer for U.S. Bank Trust N.A. as Trustee of the Igloo Series III Trust ("Movant"), for an order, pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code"), vacating the automatic stay imposed in this case by section 362(a) of the Bankruptcy Code as to the Creditor's interests in 61 Lowland Hill, Stony Point, NY 10980 (the "Property") to allow the Creditor's enforcement of its rights in, and remedies in and to, the Property; and due and proper notice of the Motion having been made on all necessary parties; and the Court having held a hearing on the Motion on July 31, 2019; and there being no opposition to the requested relief; and the Creditor having settled, without objection, this form of order on the Debtor; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing, it is hereby

      **ORDERED** that the Motion is granted as provided herein; and it is further

      **ORDERED** that the automatic stay imposed in this case by section 362(a) of the Bankruptcy Code is vacated under section 362(d)(1) of the Bankruptcy Code as to the Movant's

interests in the Property to allow the Movant's enforcement of its rights in, and remedies in and to, the Property, including, without limitation, loss mitigation, foreclosure and eviction proceedings; and it is further

**ORDERED** that in the event this case is converted to a case under any other chapter of the U.S. Bankruptcy Code, this Order will remain in full force and effect; and it is further

**ORDERED** that the Creditor shall promptly report and turn over to the chapter 13 trustee any surplus proceeds of the Property.